IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CEMEN TECH, INC., | |
| Plaintiff, | CASE NO. 4:26-cv-00068-RGE-WPK |
| v. | |
| THE G. W. VAN KEPPEL COMPANY, | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

Cemen Tech, Inc. and The G.W. Van Keppel Company (the "parties") agree that during the course of discovery it may be necessary for the parties or third parties to disclose certain categories of confidential information relating to the subject matter of this action. The parties agree that certain categories of information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

Protection of the identified categories of confidential information is necessary because discovery in this action will require disclosure of documents that are relevant to the claims and defenses asserted, and it is likely that such documents will contain confidential personal information, financial information, and/or proprietary or trade secret information of the parties.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1.     This Stipulated Protective Order ("Protective Order") under Fed. R. Civ. P. 26(c) governs the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for admissions, responses to requests for production

of documents, initial disclosures, and other written, recorded, computerized, electronic, and graphic matter produced by any party or non-party (a "Producing Party") in the Action and to all copies, excerpts, and summaries of such matter and to all testimony taken at any deposition, hearing, or other proceeding in the Action (collectively "Discovery Material").

2.  Any Producing Party may designate as confidential any part or all the Discovery Material that it believes, in good faith, contains legally protectable and/or otherwise personal or confidential information. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material." This designation shall apply regardless of the form in which the Confidential Discovery Material is kept or maintained and extends to any documents or testimony, including without limitation exhibits, copies, notes, abstracts, summaries, or analyses, that reflect Confidential Discovery Material. All Confidential Discovery Material shall be handled in strict accordance with the terms of this Protective Order.

3.  Confidential Discovery Material shall be labeled "CONFIDENTIAL" or, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Either designation shall subject Discovery Material to the confidentiality requirements of this Protective Order without any further act on the part of the Producing Party. Where Discovery Material is not capable of being labeled, a Producing Party may provide the designation by a written notice accompanying production of the Discovery Material or as soon thereafter as practicable.

4.  "CONFIDENTIAL" material shall include non-public information that the Producing Party believes in good faith constitutes or contains information that is: (i) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (ii) not generally known in the context or form as known by the Producing Party; (iii) not normally revealed to the public or Third Parties or, if disclosed to Third Parties, is such that the Producing Party would

require such Third Parties to maintain the information in confidence. This includes, but is not limited to, information to which the Receiving Party and Third Parties would not have access but for this litigation.

5.        Confidential Discovery Material that is designated "CONFIDENTIAL" may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

a.        The parties to the Action, officers and directors of each party to the Action, and designated employees, provided that any employees, and non-employed officers and directors of a party, to whom Confidential Discovery Material is disclosed be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

b.        Counsel for the respective parties to the Action, including attorneys, para-professionals, and employees of such law firms;

c.        Experts and consultants retained to assist counsel for the parties to the Action, provided that such experts and consultants execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the party disclosing the Confidential Discovery Material to such experts or consultants;

d.        Any witness who testifies at deposition or trial in this Action, who shall be provided at the outset of his testimony a copy of this Protective Order on the record. In such instance, the witness shall be bound by the provisions of this

Protective Order and shall be informed that he and his counsel, if any, are bound by the terms of this Protective Order;

    e.    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action and persons operating video recording equipment during such testimony; and

    f.    The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

6.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall include that which constitutes or discloses extremely sensitive Confidential Discovery Material, the disclosure of which to another Party or Third Party would create a substantial risk of serious injury that could not be avoided by less restrictive means. This includes, but is not limited to, information prohibited from disclosure by statute, highly sensitive information relating to financial information and any other documents, information, or materials that relate to proprietary, private, and/or personal information that the Producing Party reasonably believes is of such a nature and character that the unauthorized disclosure of such information could irreparably injure the Producing Party.

7.    Confidential Discovery Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed or made available without written consent from the Producing Party only to the following persons:

    a.    Outside counsel for the respective parties to the Action, including attorneys, paraprofessionals, and employees of such law firms;

b.      Experts and consultants retained to assist outside counsel for the parties to the Action, provided that such experts and consultants execute Exhibit A prior to disclosure and that a copy of such signed Exhibit A is retained by counsel for the party disclosing the Confidential Discovery Material to such experts or consultants;

c.      Stenographers or court reporters who record testimony taken at any time or place in the course of this Action and persons operating video recording equipment during such testimony;

d.      The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

e.      Any witness who testifies at deposition or trial in the Action, who shall be provided at the outset of his testimony a copy of this Protective Order on the record, but any such disclosure of Confidential Discovery Material identified as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a witness shall be only to the extent necessary for the testimony. In such instances, the witness shall be bound by the provisions of this Protective Order and shall be informed that he and his counsel, if any, are bound by the terms of this Protective Order; and

f.      Any other person specifically authorized by the Court.

8.      This Protective Order shall not bar any attorney representing a party in the Action, in the course of rendering advice to his client with respect to the Action, from conveying to any party client his evaluation in a general way of Confidential Discovery Material; provided, however, that in rendering such advice and otherwise communicating with the party client, the

attorney shall not disclose the specific contents of any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

9.      Confidential Discovery Material shall be used only for the prosecution and defense of this Action and not for any other business purpose, personal purpose, or other purpose whatsoever and may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order or subsequent Court orders, unless the Producing Party consents in writing otherwise.

10.      Any party or person in possession of Confidential Discovery Material who receives a subpoena (or other process) from any person (including without limitation natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards, or associations) who is not a party to this Protective Order, which subpoena seeks production or other disclosure of Confidential Discovery Material, shall promptly give written notice by facsimile or email to the counsel for the party who produced or designated the material as confidential, enclosing a copy of the subpoena or other process. The Producing Party may move against the subpoena or other process or otherwise oppose entry of any order by a court compelling production of the Confidential Discovery Material. If the Producing Party objects to or moves against the subpoena or other process, the person or party receiving the subpoena or other process shall not produce Confidential Discovery Material before the actual due date for compliance and shall not object to or interfere with any effort by the Producing Party to seek a judicial determination on the Producing Party's motion or objection before compliance is required.

11.      The inadvertent failure to label Discovery Material, or a portion thereof, with the confidentiality designation described in Paragraph 3 of this Protective Order or the inadvertent or

unintentional disclosure of Confidential Discovery Material in no way alters or waives the protected and confidential nature of Discovery Material otherwise deserving of a confidentiality designation and does not remove it from the protections of this Protective Order, provided that the Producing Party gives notice in writing within thirty (30) days after becoming aware that the Discovery Material was not designated as provided in Paragraph 3 of this Protective Order or that Confidential Discovery Material was inadvertently or unintentionally disclosed other than as provided in this Protective Order. In the case of Discovery Material that is produced without a confidentiality designation, the written notice shall identify with specificity the information or documents the Producing Party is then designating confidential and shall promptly provide a replacement copy of such material with the appropriate confidentiality designation described in Paragraph 3 of this Protective Order. In the case of inadvertently produced Confidential Discovery Material, the written notice shall identify with specificity the information or documents that have been disclosed and the method of return or destruction requested by the Producing Party.  If any Receiving Party contends that the inadvertently produced Discovery Materials are properly produced in this Action, the Receiving Party must still comply with the requested method of return or destruction but may then seek Court order permitting the re-production of the Discovery Materials.

12. Confidential Discovery Material identified as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be marked as an exhibit or otherwise referred to in a deposition provided that the Producing Party shall be notified prior to said questions or references of the questioner's intent to mark or refer to said "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials and given the opportunity to require those in attendance who are not affiliated with the Producing Party (other than counsel) to leave the deposition during any

questioning that involves or refers to said materials.  The Producing Party may, on the record at a deposition, or within fifteen (15) business days after receipt of the final transcript of a deposition, designate in good faith any portion or portions of the deposition as Confidential Discovery Material under the terms of this Protective Order. All copies of deposition transcripts that contain Confidential Discovery Material shall be prominently marked with the appropriate designation provided in Paragraph 3 of this Protective Order on the cover thereof and on each page that contains Confidential Discovery Material. If filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of Paragraph 13 of this Protective Order.

13.     Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court provided that, to the extent possible, the Producing Party is notified in advance of any such intended use of Confidential Discovery Material. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure. If any party intends to file any Confidential Discovery Material in the public record, the filing party will seek leave to file the Confidential Discovery Material under seal, pursuant to any applicable local rules.  In the event the Court denies any such motion, the Confidential Discovery Material may be filed unsealed with redactions present for any and all personal and/or financial information contained within said Confidential Discovery Material. This Protective Order shall not govern the introduction of any evidence at trial. Any request by the parties with respect to the treatment of Confidential Discovery Material at the trial of this matter shall be determined by the Court, upon request of the parties, at the time of trial.

14.     The parties agree that, pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of documents, communications, or other materials protected by the

attorney-client privilege, work product doctrine, or any other applicable privilege or protection shall not constitute a waiver of such privilege or protection in this or any other federal or state proceeding. Upon written notice by the producing party of such inadvertent disclosure, the receiving party shall promptly return, sequester, or destroy all copies of the identified material and shall make reasonable efforts to retrieve any such material that may have been disclosed to third parties. Nothing in this stipulation shall prevent the receiving party from challenging the privileged nature of the disclosed materials, provided that such challenge shall not rely on the content of the materials after they have been returned or sequestered.

15. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

16. This Protective Order shall not enlarge or affect the scope of permissible discovery in this Action. Discovery Material produced in this Action may only be used in conjunction with this Action except with written consent of the Producing Party.

17. The following procedures shall apply to any disputes arising from the designation of Discovery Materials as confidential pursuant to this Protective Order:

 a. If a party in good faith disagrees with the Producing Party's confidentiality designation, that party shall inform counsel for the Producing Party in writing of that disagreement;

 b. Upon written notification that a party disagrees with a confidentiality designation, counsel for the objecting party and the Producing Party will confer in a good-faith effort to resolve the dispute without Court intervention;

c.    If the dispute is not resolved within fifteen (15) days of the Producing Party's receipt of the objecting party's written notification, the Producing Party shall file a motion to establish the protected nature of the document. Unless otherwise provided by applicable law, the Producing Party shall bear the burden of proving that information has properly been designated as Confidential Discovery Material; and

d.    Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential Discovery Material shall abide by the designation.

17.    Any Discovery Material given a confidentiality designation as provided in Paragraph 3 of this Protective Order shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof, is not subject to this Protective Order and any and all appeals, proceedings, or interlocutory appeals challenging such decision have been concluded.

18.    Except as otherwise agreed in writing by the parties, within sixty (60) days after final resolution of this Action (including resolution of appeals and petitions for review), the parties shall destroy all Confidential Discovery Material (and all notes, synopses, or summaries of Confidential Discovery Material).  Attorneys for the Parties may retain all notes, synopses, or summaries of Confidential Discovery Material; all correspondence containing or describing Confidential Discovery Material; a case file maintained by reasonable safeguards; and a set of all documents filed in this Action, provided that they will continuously abide by the requirements of this Protective Order.

10

19.     This Protective Order shall survive the final termination of this Action with respect to any such Confidential Discovery Material. This Court retains jurisdiction over the Action for enforcement of the provisions of this Protective Order following the final resolution of the Action.

20.     This Protective Order shall become binding on the parties upon the Court's entry of the Protective Order. This Protective Order shall be binding upon any party joined in the Action unless and until this Court, pursuant to a request by a party or on its own accord, orders that the party is not subject to the terms of this Protective Order.

21.     This Protective Order shall be binding upon any non-party in this litigation who invokes its protection and authority, unless and until this Court, pursuant to a request by a party or a non-party or on its own accord, orders that a non-party is not subject to the terms of this Protective Order. Any non-party may designate documents, tangible things, or testimony as Confidential Discovery Material pursuant to the procedure outlined for parties in this Protective Order.

22.     Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

23.     Any party may apply to this Court for an order amending, modifying, or vacating this Protective Order.

24.     Any time limit contemplated by this Protective Order may be extended by an agreement in writing, signed by counsel of record for all parties subject to the agreement.

11

IT IS SO ORDERED.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| CEMEN TECH, INC., | |
| Plaintiff, | CASE NO. 4:26-cv-00068-RGE-WPK |
| v. | |
| THE G. W. VAN KEPPEL COMPANY, | **EXHIBIT A** <br> **ACKNOWLEDGEMENT AND CONSENT** |
| Defendant. | |

I hereby certify that: (i) I have read the agreed upon Stipulated Protective Order (the "Protective Order") that has been entered by the Court in the above-captioned litigation, and I understand its terms; (ii) I understand that Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order is being provided to me pursuant to the terms of the Protective Order; (iii) and I agree to be, and understand that I am, fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and limiting the use of such material to the conduct of this litigation.

Dated: _____   Signature: _____

13