**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION**

CEMEN TECH, INC.,

   *Plaintiff*,

v.

THE G. W. VAN KEPPEL COMPANY,

   *Defendant*.

Case No. 4:26-cv-00068-RGE-WPK

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED
ANSWER AND COUNTERCLAIMS BY THE G.W. VAN KEPPEL CO.**

For its Reply in Support of its Motion for Leave to File Amended Answer and Counterclaims, the

G.W. Van Keppel Co. ("Van Keppel") respectfully submits the following:

POINTS AND AUTHORITIES

**1. Van Keppel's Counterclaims are compulsory under Fed. R. Civ. P. 13.**

The same day it terminated the contract at the heart of this case, Cemen Tech, Inc. ("Cementech")

filed a lawsuit in state court in Iowa (later removed to this Court) alleging that Iowa law applied under a

choice of law provision in the Parties' contract. (Doc. 1-1.) Eight days later, without knowledge of the

Iowa suit, Van Keppel filed its claim in federal court in the Northern District of Oklahoma alleging that

not Iowa law but Oklahoma, Kansas and/or Missouri law applied because the choice of law provision in

the Parties' contract was void as violative of Oklahoma statutory law and public policy. (Doc. 2,

Complaint, *The G.W. Van Keppel Co. v. Cemen Tech, Inc.*, case no. 26-cv-00031-JDR-JFJ.) Both cases

are still pending. Cementech filed a Motion to Transfer with the Oklahoma district court. (Doc. 11, 26-

cv-0031-JDR-JFJ.) And Van Keppel filed a Motion to Stay this case pending a decision by the Oklahoma

court on Cementech's transfer motion. (Doc. 9.) Van Keppel's Motion to Stay was denied. (Doc. 28.) And

Cementech's Motion to Transfer has yet to be ruled on.

It is still Van Keppel's position that Oklahoma law and not Iowa law should apply. And as Cementech points out, Van Keppel is still pursuing its statutory claims under Oklahoma, Kansas and Missouri law in its Oklahoma lawsuit. But if Van Keppel is wrong and Iowa law does apply, Van Keppel must bring any claims it has under Iowa law in this case or lose them as they are compulsory counterclaims under Fed. R. Civ. P. 13. And Van Keppel is allowed to plead in the alternative. "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

In its Resistance, Cementech argues that the Iowa statute cited by Van Keppel in its proposed Amended Answer and Counterclaim, Iowa Code Ann. § 322F, can never apply in this case because the Parties' contract only invokes Iowa <u>common law</u>. But that is not what the choice of law provision says. Instead, Section 17.7 states:

> This Agreement shall be governed by and construed in accordance with the <u>laws of the State of Iowa</u>, without reference to "conflict of laws" provisions or principles.

(Doc. 1-1, Appendix A to the Petition, Reseller Agreement pg. 12) (emphasis added).

Cementech also cites two cases for the argument that Iowa Code Ann. § 322F may not apply no matter what the Parties' choice of law provision says because the Van Keppel heavy equipment dealerships governed by the Parties' contract in this case were not in Iowa but in Oklahoma, Kansas and Missouri. The decisions cited by Cementech are not particularly compelling. The Sixth Circuit case, *Highway Equipment Co. v Caterpillar Inc.*, 908 F.2d 60 (1990), has been limited to its facts. *Link-Belt Construction Equipment Co. v. Road Machinery & Supplies Co.*, 2011 WL 13122221 *7 (E.D. Ky. 2011) (finding *Highway* only applicable in cases where the legislature has stated a clear intention to limit application of the state's dealer protection statute to residents).[1] And the Eighth Circuit case, *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.*, 871 F.2d 734 (1989), concerned the application

---

[1] The Iowa legislature has not limited application of Iowa Stat. Ann. § 322F to residents. Iowa Stat. Ann. § 322F.9 titled "Applicability" makes the entire chapter generally applicable to all heavy equipment dealer agreements entered after 2005.

of Minnesota statutory franchise law to a computer software distributorship not Iowa statutes regulating heavy equipment dealership agreements, and was overturned by legislative action, *see Wright-Moore Corp. v. Ricoh Corp.*, 908 F.2d 128, 133 (7th Cir. 1990) ("Minnesota has, however, legislatively overruled *Modern Computer*").

In any event, the relevant inquiry at this stage is not whether Iowa Code Ann. § 322F or another dealer protection statute applies in this case. Both Iowa and Oklahoma heavy equipment dealer protection statutes have anti-waiver provisions, *see* Iowa Code Ann. § 322F.9(1) ("A term of a dealership agreement that is inconsistent with the terms of this chapter is void and unenforceable and does not waive any rights that are provided to a person by this chapter"), and Okla. Stat. Ann. tit. 15 § 249 ("An attempted waiver of a provision of this act or application of this act shall be void"). One of the two applies, here. Cementech cannot argue to the court in Oklahoma that Oklahoma law does not apply, then turn around and argue to this Court that Iowa law does not apply. If Oklahoma law applies as Van Keppel believes, then Van Keppel will pursue that claim under Oklahoma law in federal court in Oklahoma. But if Iowa law applies, then Van Keppel should be allowed to pursue its claim under Iowa statute in this case.

### 2.   Van Keppel's Counterclaims are sufficiently pled.

Cementech takes issue with the sufficiency of Van Keppel's counterclaims, specifically Van Keppel's claims against Cementech for breach of contract. Cementech argues the claims do not contain enough factual detail. But federal pleading standards do not require much factual detail. Fed. R. Civ. P. 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). A complaint "does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Van Keppel has asserted two contract violations; wrongful termination and violation of Section 17.14. As for the termination, Van Keppel alleged the contract was enforceable, Van Keppel substantially performed, Cementech terminated the contract "without cause and against its terms," and that termination resulted in damages suffered by Van Keppel including lost profits. (Doc. 58, Motion for Leave pg. 22-23.) Concerning Section 17.14, Van Keppel pled that, on information and belief, Cementech "disparaged Van Keppel in communications with third parties including Van Keppel's customers, potential customers and competitors" in breach of the Parties' contract. It is unknown what further facts Van Keppel could have provided to give fair notice to Cementech of Van Keppel's claims. Van Keppel could have attached the Parties' contract, but Cementech already did that in its pleading (Doc. 1-1, Notice of Removal – Exhibit A), and Van Keppel admitted the contract's authenticity in its Answer. (Doc. 58, Motion for Leave pg. 5.) So that was established in the pleadings.

Cementech has fair notice of Van Keppel's claims in this case, and those claims should proceed.

**3.   Van Keppel's Amended Answer and Counterclaim is timely.**

Cementech complains that Van Keppel's amendments are untimely. But Van Keppel moved to amend a week before the agreed deadline in the Court's scheduling order and less than three weeks after the Parties exchanged initial disclosures under Fed. R. Civ. P. 26(a). (Doc. 48). It is impossible to understand how that is untimely. Cementech has yet to serve any discovery requests in this case. Cementech cites *Floyd v. State of Missouri Department of Social Services, Division of Family Services*, 188 F.3d 932 (8th Cir. 1999) in support of its argument. But the plaintiff in *Floyd* moved to amend her complaint seven months after a motion for summary judgment and nearly two years after she filed the case. The deadline for summary judgment motions in the present case is April 2027.

**4.   There is no bad faith or unfair prejudice.**

Cementech claims Van Keppel is acting in bad faith but does not explain how. And Cementech argues it will be prejudiced by allowing Van Keppel to amend its pleadings but does not explain why other than to point out that Cementech will have to respond to general discovery concerning the Counterclaims. But that alone is not unfair prejudice. If someone could stop a counterclaim just by pointing out that it will require discovery in general, no counterclaim would ever be allowed.

CONCLUSION

Van Keppel's Motion for Leave to Amend is properly made, timely, and sufficiently pled to give fair notice of its Counterclaims to Cementech. Therefore, the motion should be granted.

Respectfully submitted,

JOSEPH HOLLANDER AND CRAFT LLC

By:    */s/ Christopher M. McHugh*
Christopher M. McHugh – *pro hac vice*
926 N. Cherry Street
Kansas City, Missouri 64106
(816) 223-8213
cmchugh@josephhollander.com

and

HOUGHTON BRADFORD WHITTED PC LLO

By:    */s/ Keith A. Harvat*
Keith A. Harvat – AT0010844
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000
kharvat@houghtonbradford.com

*Attorneys for the G.W. Van Keppel Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2026, I electronically filed the foregoing *Reply* with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Christopher M. McHugh*